IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIFFIN,

    Petitioner,

vs.                                                     No. 97cv1560 LH/JHG

TIM LEMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Respondent's Motion to Dismiss, filed March 2, 1998. Petitioner (Griffin) filed this habeas corpus action, pursuant to 28 U.S.C. § 2254, with respect to his conviction in the case styled, *State of New Mexico v. Matthew James Griffin*, and numbered CR-89-00576, County of Bernalillo, State of New Mexico. On December 12, 1997, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to recommend an ultimate disposition of the case.

In his Motion to Dismiss filed March 2, 1998, Respondent argues the Petition should be dismissed because some of the issues were procedurally defaulted and because they were addressed by the state courts. Griffin, through counsel, filed a response in opposition on February 25, 1999.[1] The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, recommends the Motion to Dismiss be denied.

---

[1] Griffin filed a supplemental response pro se. However, due to the fact he is represented by counsel, the supplemental response was stricken from the record pursuant to D.N.M.LR-Civ. 83.5.

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 643 (1997). The AEDPA imposed a one year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). Respondent conceded that the Petition was timely filed under the AEDPA.

Respondent contends issues 1, 3, and 5 are subject to dismissal based on procedural default. Respondent claims Issue 1 was raised in the state habeas corpus proceeding only and was not raised on direct appeal. With respect to Issues 3 and 5, Respondent claims they were rejected on direct appeal because they were not fully briefed. However, a review of Griffin's state habeas petition indicates these issues were raised in the state habeas corpus petition as well. Answer, Exhibit G.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, if Griffin defaulted his federal claims in state court, federal review may be barred.

The doctrine of procedural default is related to the requirement that a state habeas prisoner exhaust available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner bears the burden of showing he has exhausted available state remedies. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A federal claim is not deemed exhausted unless the substance of the claim has been fairly presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct.509, 30 L.Ed.2d 438 (1971). In this case, Griffin fairly presented the substance of these

claims in his state habeas petition. Thus, he exhausted his state court remedies with respect to these issues. *See Kerns v. Tansy*, 89 F.3d 850 (table), 1996 WL 353788, *1-2 (10th Cir. Jun. 26, 1996).

Respondent does not dispute that Griffin raised the substance of his claims in his state habeas corpus petition. In fact, Respondent acknowledged Issue 1 was raised and decided in the state habeas corpus proceeding. Griffin filed a petition for a writ of certiorari with the Supreme Court of New Mexico, seeking review of the denial of his state habeas corpus petition. Thus, Issues 1, 3, and 5 were properly exhausted and were not procedurally defaulted. Therefore, federal review is not barred by the doctrine of procedural default.

Respondent also argues the Petition should be dismissed because the state courts' findings are entitled to a presumption of correctness under 28 U.S.C. § 2254 (d) and (e)(1). The AEDPA increased the deference accorded the factual findings and legal determinations of state courts, *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). Taking this approach to the extreme, Respondent contends this court should defer to the decision of the state courts across the board and summarily dismiss the Petition.

The AEDPA provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and, as a result, there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Sexton v. French*, 163 F.3d 874 (4th Cir. 1998); *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, ____ U.S. ____, 119 S.Ct. 811, ____ L.Ed.2d ____ (1999); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____,117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied*, ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998)*, cert. denied*, _____ U.S. ____, 119 S.Ct. 844, 142 L.Ed.2d 698 (1999). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit has yet to interpret the amount of deference owed to state courts under § 2254(d)(1). *Rogers v. Gibson*, ____ F.3d ____, 1999 WL 203188, *10 (10th Cir. Apr. 12, 1999) However, the Tenth Circuit employed the standard set forth in *Sexton* in *Roberts v. Ward*, ____ F.3d ____ (table) 1999 WL 162751, * 13 (10th Cir. Mar. 26, 1999). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [H]abeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

*Roberts v. Ward*, 1999 WL 162751 at *13; *Sexton v. French*, 163 F.3d at 880.

In effect, Respondent requests that this court abdicate its authority to assess the merits of federal questions raised in habeas petitions. This argument is clearly not supported by the AEDPA, nor the Tenth Circuit's interpretation of the Act. Instead, this court must review the issues, in light of the record and arguments of counsel in order to determine whether the state courts have decided the issues in question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. While the decisions of the state courts are entitled to deference, this court may not abdicate its obligation to conduct habeas corpus review. Hence, the Petition is not subject to summary dismissal under the AEDPA.

## RECOMMENDED DISPOSITION

The Motion to Dismiss should be denied.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1),** file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.